IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FRANCISCO MANZO-HERNANDEZ,    ) | |
|     Plaintiff,    ) | Civil Action Nos. 7:23-cv-00414 |
|     ) | |
| v.    ) | |
|     ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE,    ) |     United States District Judge |
|     Defendant.    ) | |

**MEMORANDUM OPINION**

Plaintiff Francisco Manzo-Hernandez, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Hernandez's complaint fails to state a claim and is frivolous, and the court will issue an order dismissing this action.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Examples of frivolous claims include those whose factual allegations are so nutty, delusional, or wholly fanciful as to be simply unbelievable." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009).

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Hernandez's complaint, the court concludes that it is frivolous and does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Spanning eighteen pages, Hernandez's complaint describes a conspiracy involving satellites, x-ray view cameras, ultraviolet light, and electromagnetic mind-reading radiation waves. He begins by stating:

> For the past 'ten 10 years' to the present day, the VA D.OC. Director Harold W. Clarke, and headquarters administration, [have been] using the satellite x-ray view cameras, and satellite to shoot me with very dangerous and deadliest high sophisticated, ultraviolet and crystal bright looking color of electromagnetic radiation waves of mind reading telepath, and submitting met to numerous . . . telepathic voice interrogations, making my ears, nose, mouth and rectum bleed, knocking me down . . . and burning internal organs . . . .

(Compl. 2.) The remaining allegations are similarly fanciful. Hernandez contends that Clarke is a "sick homosexual serial predator killer, using this technology to murder in cold blood any inmate he choose[s], and not leaving trace to lead the use of this Electromagnetic Radiation Waves unless you know for a fact the technology they using as myself knows, . . ." (*Id.* at 6.) Hernandez asserts that "they have me connected 24/7 to the satellite and telepathic voice, telepathic voice, is like having a phone attached to my ear, listening to a three way phone conversation." (*Id.* at 7.) Hernandez offers his body as "proof" of the alleged crimes. (*See id.* at

16 ("This technology are being tested in me, to read my mind, and burn and torch and murder any body they want, my whole entirely body is a solid truth proof of physical evidence to prove to any body doubts . . ."); *id.* at 18 ("My whole entirely body is a sold truth proof of physical evidence, to prove to any body doubts, the use of this dangerous and deadliest radiation waves, leaving very visible rounded spot burn marks, and loose shrinking skin itching a lot, is like leaving finger prints in a crime scene.").)

Plaintiff's claims are not believable and will be dismissed. *See, e.g., Ghouralal v. Rambo*, Case No. 2:20-cv-02875-BHH-MGB, 2020 WL 6749348, at *2 (D.S.C. Aug. 25, 2020) (dismissing complaint with allegations that the government is perpetrating a high-tech mind-control plot in order to cover up illegal acts as frivolous and collecting citations of similar frivolous complaints); *Hecker v. Central Intelligence Agency*, CIVIL ACTION NO. 21-CV-2701, 2022 WL 196281, at *5 (E.D. Penn. Jan. 20, 2022) ("Federal courts routinely dismiss allegations that . . . governmental agencies are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factual frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.") (collecting cases).

For the foregoing reasons, the court will summarily dismiss Hernandez's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous and for failure to state an actionable claim.

An appropriate order will be entered.

Entered: November 20, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge